UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EVELINA CALCANO, ON BEHALF OF
HERSELF AND ALL OTHER PERSONS
SIMILARLY SITUATED,

               Plaintiffs,

               v.

VINCE HOLDING CORP.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:
:
:
:
:
:
:
:
:

ECF CASE

No.:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

INTRODUCTION

1.      Plaintiffs, EVELINA CALCANO, on behalf of herself and all others similarly situated, ("Plaintiff") asserts the following claims against Defendant, VINCE HOLDING CORP., as follows.

2.      Plaintiff is a visually-impaired and legally blind person who requires Braille, which is a tactile writing system, to read written material, including books, signs, store gift cards, credit cards, etc. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet their definition have limited vision. Others have no vision.

3.      Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of New York.

4.      Plaintiff brings her civil rights action against VINCE HOLDING  CORP.,

("Defendant" or "Vince"), for its failure to sell store gift cards[1] to consumers that contain

writing in Braille and to be fully accessible to and independently usable by Plaintiff and

other blind or visually-impaired people. Defendant's denial of full and equal access to its

store gift cards, and therefore denial of its products and services offered thereby and in

conjunction with its physical locations, is a violation of Plaintiff's rights under the

Americans with Disabilities Act ("ADA").

5.      Because Defendant's store gift cards are not equally accessible to blind and

visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction

to cause a change in Defendant's corporate policies, practices, and procedures so that

Defendant's store gift cards will become and remain accessible to blind and visually-

impaired consumers.

## JURISDICTION AND VENUE

6.      The Court has subject-matter jurisdiction over this action under 28 U.S.C.

§ 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42

U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332.

7.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

Plaintiff's New York State Human Rights Law, N.Y. Exec. Law Article 15, ("NYSHRL")

and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*,

("NYCHRL") claims.

---

[1] "Store Gift Card" - An electronic promise, plastic card, or other device that is (i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark or logo; (ii) issued in a specified amount, whether or not that amount may be increased in value or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services. 15 U.S.C. 1693l-1(a)(2)(C)

8.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

9.      Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York that caused injury, and violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's physical locations with respect to Defendant's stores located in this District. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and now deter Plaintiff on a regular basis from visiting Defendant's brick-and mortar store locations.

10.     Defendant has not and does not sell Braille store gift cards to consumers and, upon information and belief, does not presently have any plans to do so. Defendant has sold store gift cards, presently sells store gift cards and, upon information and belief, intends to continue selling store gift cards that do not contain Braille.

11.     On November 11, 2019, the Plaintiff contacted Defendant and inquired if Defendant sold store gift cards containing Braille and was informed by Defendant's employees that Defendant does not sell store gift cards containing Braille.

12.     The Plaintiff could not locate Braille store gift cards offered by the Defendant for sale to purchase the same because they are not offered by the Defendant.

13.     The Plaintiff intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards containing Braille.

14.     Defendant has failed to provide visually impaired patrons with the particular level of services available to non-disabled patrons. Accordingly, Defendant has violated the non-discrimination mandate of the ADA.

15.     The Court is empowered to issue a declaratory judgment under 28 U.S.C. §§2201 and 2202.

THE PARTIES

16.      Plaintiff, at all relevant times, is a resident of New York, New York. Plaintiff is a blind, visually-impaired handicapped person and a member of member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*., the NYSHRL and NYCHRL. Plaintiff is proficient in reading Braille.

17.     Defendant, VINCE HOLDING  CORP., is and was, at all relevant times herein, a Delaware Public Company with its principal executive office in New York, New York. Defendant operates Vince retail stores as well as stores for various subsidiary companies and advertises, markets, distributes, and/or sells retail merchandise in the City and State of New York and throughout the world. Defendant is doing business in the State of New York. Vince operates multiple retail locations in the State of New York and is one of the largest retailers in the world.

18.     Defendant operates Vince Stores across the United States. Several of these retail stores are located in the Southern District of New York. These retail stores constitute

-4-

places of public accommodation. Defendant's retail stores provide to the public important goods and services.

19.     The Defendant's store gift card is treated like cash in that it may be used to make a purchase of goods and services at the Defendant's retail locations or through the Defendant's website.

20.     Defendant's retail stores are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's store gift cards are a service, privilege, or advantage of Defendant's retail stores.

<u>THE STORE GIFT CARD MARKET</u>

21.     According to industry surveys, sales of store gift cards was about $400 billion in 2019 and grows annually at 10%[2]. The survey also found that 65% of gift card recipients spent 38% more than the face value of the card and 73.4% of adults purchased at least 1 gift card for holiday shopping.[3]

The National Retail Federation, the largest retail trade association in the world, states in an October, 2015 survey, "58.8% of shoppers said that they would like to receive a gift card, making them the most requested gift nine years in a row."[4] The survey also pointed out that 24.7% buy a gift card because it is easier than traditional gifts and another 5.6% because they are easier to send.[5]

---

[2] https://www.mageplaza.com/blog/gift-card-statistics.html
[3] *Id.*
[4] https://nrf.com/media-center/press-releases/early-promos-great-deals-put-traditional-gift-card-buyers-gift-wrapping, 11/17/15
[5] *Id.*

The main types of gift cards are Open-Loop which are issued under a major credit card (i.e. MasterCard, Visa, AmEx) and are usually redeemable anywhere and Closed-Loop gifts card are accepted only at a specified merchant or affiliated merchants.

Store gift cards substantially increase revenue for merchants because they foster communication, brand loyalty, increase sales, consumers often spend more money than the amount of the store gift cards and merchants also get to keep "breakage." "Breakage" refers to revenue gained as a result of unredeemed store gift cards. In this instance, the merchant pockets the money paid for items without actually providing the item or service for which the consumer initially paid. Annual breakage in the United States is many billions of dollars.

Consumers are attracted to store gift cards because it is easier than choosing a gift for someone, they allow the recipient to choose their own purchase privately, some consumers use them for their own budgetary reasons and others utilize them as an alternative to carrying around cash.

22.     Quite surprisingly, upon information and belief, there is only one gift card on the market that contains Braille and it is issued by Starbucks. Store gift cards generally are the same size and texture as credit cards and therefore are indistinguishable by a blind person from credit cards or other store gift cards.

The famous Lego bricks are available in Braille (including instructions in Braille) as well as the popular card game Uno by Mattel (including the packaging on the game). Braille is not new; Braille books and publications have been available for more than 100 years. Some pharmacy chains such as CVS have prescription labels available in Braille.

The currency in many countries, such as the U.K., also contain Braille in order for blind persons to be able to distinguish the various denominations.

Many large chain stores, such as Walgreens, Target and CVS, sell multiple store gift cards for their own stores as well as the store gift cards of other merchants. The packaging of the store gift cards as well as the cards themselves do not contain Braille and therefore a blind or vision-impaired consumer must rely upon the help of a sighted person in purchasing the gift card and utilizing it. A very simple and inexpensive solution by the addition of Braille with the name of the issuing merchant and the denomination on the gift card and on the packaging would remedy this obstacle for blind persons and their discrimination. The addition of Braille would restore the dignity to blind persons and also help prevent fraud or errors to these vulnerable members of our society.

STATEMENT OF FACTS

Defendant's Barriers On Its Store Gift Cards

23.    Defendant operates, manages, and markets its retail stores, sells store gift cards to the public, and uses them as a form of communication. One or more of its retail stores is located in New York City. Defendant's retail stores constitute places of public accommodation. Defendant's retail stores provide important goods and services to the public.

24.    It is, upon information and belief, Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's store gift cards, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's retail stores. Due to Defendant's failure and refusal to remove access barriers to its store gift cards, Plaintiff and visually-impaired persons have been and

are still being denied equal access to Defendant's retail stores and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards.

<u>Defendant Must Remove Barriers On Its Store Gift Cards</u>

25.    Due to the inaccessibility of Defendant's store gift cards, blind and visually-impaired customers such as Plaintiff, cannot fully and equally use or enjoy the facilities, goods, and services Defendant offers to the public at its retail stores. The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and now deter Plaintiff on a regular basis from purchasing, accessing, and utilizing the store gift cards and, as a result, Defendant's retail stores.

26.    These access barriers on Defendant's store gift cards have deterred Plaintiff from visiting Defendant's physical locations, and enjoying them equal to sighted individuals because: Plaintiff was unable to purchase a Braille store gift card related to Defendant's physical retail locations, preventing Plaintiff from visiting the locations. Plaintiff intends to immediately purchase a store gift card issued by the Defendant as soon as they become available in Braille.

27.    If the store gift cards were equally accessible to all, Plaintiff could independently purchase the store gift cards and complete a desired transaction utilizing gift cards as sighted individuals do.

28.    Through her knowledge about the lack of Braille store gift cards, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

29.    Because simple changes to store gift cards would provide Plaintiff and other visually-impaired consumers with equal access to store gift cards and therefore

Defendant's locations, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

        a.      Developing marketing and selling store gift cards that are inaccessible to visually-impaired individuals, including Plaintiff;

        b.      Failure to sell store gift cards that are not sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and,

        c.      Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

30.     Defendant therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

31.     Title III of the ADA requires that public accommodations provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii).

32.     Defendant discriminates on the basis of disability because they fail to afford individuals who are visually impaired with the same ability to independently access the goods and services provided to others, thus failing to ensure effective communication with its visually impaired customers during transactions for its goods and services.

33.     The regulation sets forth numerous examples of "auxiliary aids and services", including, without limitation, "Brailled materials and displays..." 28 C.F.R. § 36.303(b)(2).

34.     In addition to this general nondiscrimination mandate, Title III prohibits public accommodations from engaging in specific types of discrimination, including the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, services, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii); *see also* 28 C.F.R. § 36.303(a).

35.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . **Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service,** (emphasis added) . . . modification of a policy . . .          42 U.S.C. § 12188(a)(2)

> Nothing in this section shall require a person with disability to engage in a futile gesture if such person has actual notice that a person or organization … does not intend to comply with its provisions.          42 U.S.C. § 12188(a)(1)

36.     Because Defendant's store gift cards have never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its store gift cards to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring Defendant to design, implement, distribute and sell store gift cards integrated with the Defendant's retail stores that are embossed with Braille writing that identify the name of the merchant and the denomination of the gift card (if the gift card has a specified denomination) with Braille writing on the packaging of the store gift cards and additionally convey other pertinent information contained on all of the

other of Defendant's store gift cards such as terms of use, privacy policies, ability to ascertain gift card balance, restrictions, etc. in Braille either on the card, affixed to the card or inserted in the packaging.

37.    If the store gift cards were accessible, Plaintiff and similarly situated blind and visually-impaired people could independently utilize them.

38.    Although Defendant may currently have centralized policies regarding its store gift cards, Defendant lacks a plan and policy reasonably calculated to make them fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

39.    Defendant has, upon information and belief, invested substantial sums in marketing and selling its store gift cards and has generated significant revenue from the store gift cards. These amounts are far greater than the associated cost of making its store gift cards equally accessible to visually impaired customers.

40.    Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the store gift cards, violating their rights.

<u>CLASS ACTION ALLEGATIONS</u>

41.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who would like independent access to Defendant's store gift cards and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

42.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a New York State subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind

individuals in the State of New York who would like independent access to Defendant's store gift cards and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

43.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who would like independent access to Defendant's store gift cards and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

44.    Common questions of law and fact exist amongst Class, including:

a.    Whether Defendant's store gift cards are a "public accommodation" under the ADA;

b.    Whether Defendant's store gift cards are a "place or provider of public accommodation" under the NYSHRL or NYCHRL;

c.    Whether Defendant's store gift cards deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA; and

d.    Whether Defendant's store gift cards deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYSHRL or NYCHRL.

45.    Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA, NYSHRL or NYCHRL by failing to update or remove access barriers on its store gift cards so they can be independently accessible to the Class.

-12-

46.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

47.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of their litigation.

48.    Judicial economy will be served by maintaining their lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

<u>FIRST CAUSE OF ACTION</u>
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

49.    Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

50.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

51.     Defendant's retail stores are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's store gift cards are a service, privilege, or advantage of Defendant's retail stores. The store gift cards are a service that is integrated with these locations.

52.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

53.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

54.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that **no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services** (emphasis added), unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

**"Auxiliary aids and services" includes Brailled materials and displays. 28 CFR 36.303 (b)(2). "[I]n order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way to protect the privacy and independence of the individual with a disability. 28 CFR 36.303 (c)(ii).**[6]

55.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the store gift cards, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

56.     Under 42 U.S.C. § 12188(a) and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

57.     Plaintiff, on behalf of herself and the New York State Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

---

[6] *See, New v. Lucky Brand Dungarees Stores, Inc.*, 14-cv-02054, SDFL, Statement of Interest of the United States of America at pg. 7. "Indeed, there are many instances where the Department has found physical and communication barriers not specifically identified in its regulations or the ADA Standards to be covered under title III."

58.    N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

59.    Defendant's physical locations are located in the State of New York and constitute sales establishments and places of public accommodation within the definition of N.Y. Exec. Law § 292(9). Defendant's store gift cards are a service, privilege or advantage of Defendant. Defendant's store gift cards are a service that is by and integrated with these physical locations.

60.    Defendant is subject to New York Human Rights Law because it owns and operates its physical locations and sells its store gift cards. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

61.    Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to its store gift cards, causing its store gift cards and the services integrated with Defendant's physical locations to be completely inaccessible to the blind. Their inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

62.    Under N.Y. Exec. Law § 296(2)(c)(i), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the

nature of such facilities, privileges, advantages or accommodations being offered or would result in an undue burden."

63.      Under N.Y. Exec. Law § 296(2)(c)(ii), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

64.      Readily available manufacturing and/or printing capabilities exist for making store gift cards accessible to the blind and visually impaired. The addition to store gift cards of Braille on the gift card and packaging thereof and other related marketing materials would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

65.      Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the NYSHRL, N.Y. Exec. Law § 296(2) in that Defendant is:

         a.      Developing, marketing and selling store gift cards that are inaccessible to blind class members with knowledge of the discrimination; and/or

         b.      Failing to sell store gift cards that are not sufficiently intuitive and/or obvious and that are inaccessible to blind class members; and/or

         c.      Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

66.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

67.     Defendant discriminates, and will continue in the future to discriminate against Plaintiff and New York State Sub-Class Members on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Defendant's store gift cards and its physical locations under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and the Sub-Class Members will continue to suffer irreparable harm.

68.     Defendant's actions were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

69.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for each and every offense.

70.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

71.     Under N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

<u>THIRD CAUSE OF ACTION</u>
VIOLATIONS OF THE NYCHRL

72.     Plaintiff, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

73.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor,

manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

74.    Defendant's locations are sales establishments and places of public accommodation within the definition of N.Y.C. Admin. Code § 8-102(9), and its store gift cards are a service that is integrated with its establishments.

75.    Defendant is subject to NYCHRL because it owns and operates its physical locations in the City of New York and its store gift cards, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

76.    Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to its store gift cards, causing its store gift cards and the services integrated with its physical locations to be completely inaccessible to the blind. The inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.

77.    Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

78.     Defendant's actions constitute willful intentional discrimination against the Sub-Class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant is:

        a.     developing, marketing and selling store gift cards that are inaccessible to blind class members with knowledge of the discrimination; and/or

        b.     failing to sell store gift cards that are sufficiently intuitive and/or obvious and that is inaccessible to blind class members; and/or

        c.     failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

79.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

80.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its store gift cards and its establishments under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

81.     Defendant's actions were and are in violation of the NYCHRL and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

82.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

83.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

84.    Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF

85.    Plaintiff, on behalf of herself and the Class and New York State and City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

86.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, Defendant's store gift cards contain access barriers denying blind customers the full and equal access to the goods, services and facilities of its store gift cards and by extension its physical locations, which Defendant owns, operates and controls, and fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

87.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

-21-

b.     A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its store gift cards into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the store gift cards are readily accessible to and usable by blind individuals;

c.     A declaration that Defendant markets, distributes and sells store gift cards in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York

d.     An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e.     Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of their civil rights under New York State Human Rights Law and City Law;

f.     Pre- and post-judgment interest;

g.     An award of costs and expenses of the action together with reasonable attorneys' and expert fees; and

h.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: Garden City, New York
December 12, 2019

THE LAW OFFICE OF DARRYN SOLOTOFF PLLC

*s/Darryn G. Solotoff*
Darryn G. Solotoff
100 Quentin Roosevelt Blvd, #208
Garden City, New York 11530
Phone: 516.695.0052
Fax: 212.656.1845
ds@lawsolo.net

GOTTLIEB & ASSOCIATES

*s/Jeffrey M. Gottlieb*
Jeffrey M. Gottlieb

Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284